THE STATE, JAMES M. DE WITT ET AL., PROSECUTORS,
v. THE MAYOR AND COMMON COUNCIL OF THE
BOROUGH OF RUTHERFORD.

The expenses incurred in unsuccessfully defending suits brought against a borough because of its illegal and negligent acts in executing a public improvement, cannot be specially assessed as a part of the cost of such improvement.

This writ brings up an assessment of the cost of grading Sylvan street from Park avenue to Pierpont avenue, within the borough of Rutherford.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the prosecutors, *Addison Ely.*

For the borough, *Shafer & Miller.*

The opinion of the court was delivered by

REED, J. The attack upon this assessment is confined to the right of the mayor and common council to include in the amount of cost assessed certain items of expense. The power under which the present assessment was made is found in the laws of 1887. *Pamph. L., p.* 126.

Section 4 of a supplement to "An act for the formation of borough governments" provides that the mayor and common council shall ascertain the whole amount of the cost and expenses of an improvement, and shall cause to be made a just and equitable assessment thereof upon the lands benefited. It provides that the excess of cost over special benefits shall be paid out of the general road tax.

In making up the aggregate sum of the cost of the present improvement, we think that the mayor and common council have included items which were not legitimate expenses.

First, the borough attempted to open Sylvan street, across the lands of one Poillon, without taking proceedings to condemn. This resulted in a suit in Chancery to restrain the borough, which suit was dismissed after the borough purchased from Poillon the right to open the street across his lands. The sum of $51.75, paid by the borough to a lawyer for his services in said suit, is included as a part of the cost of the improvement.

Again, the borough was unsuccessful in a litigation growing out of the making this improvement, with one Anna R. Ware. The expenses of this litigation, consisting of counsel fees, costs and disbursements, were included in the estimate of costs, amounting to $394.87, with an additional $75.26 for the plaintiff's costs, paid by the borough.

In addition to this expense growing out of this suit, there was put in the estimate the sum of $54 for other disbursements and work made necessary by it.

Again, the litigation rendered entirely useless an excavation of two thousand cubic yards, at an expense of $360.

Again, it is agreed that $94 represented the expense of all the engineering work necessary had there been no litigation.

We think all this litigation had its origin in the illegal and negligent acts of the borough authorities, and the expense arising from their fault cannot be visited upon the owners of property in the way of special assessments. These disbursements were not a part of the legitimate cost and expenses of the improvement.

The expenses for engineering in excess of $94, and all of the items for counsel fees, costs, disbursements and expenses already mentioned, should be struck from the amount to be assessed.

The other items to which objections were made, namely, the expense for grading the squares where Sylvan street was intersected by cross-streets, and the charge for the services of the commissioners, we think are unobjectionable.

I may remark that the point made upon the argument by the counsel of the borough, that the petitioners for this im-

provement were estopped by the presentation of such petition from questioning the items now struck out, is without any substance.

They petitioned for an improvement to be executed and paid for in the statutory method, and they stand upon the same footing as any unpetitioning landowner in respect to their right to test the legality of the amount which they are called upon to pay.

There should be deducted from the entire amount assessed the totality of the above sums improperly included. Inasmuch as the entire amount was specially assessed, and so, in the judgment of the commissioners, the properties were specially benefited to the amount assessed, and inasmuch as there seems to be no question as to the equitable apportionment of said sum to the several pieces of property assessed, it follows that a proportionate abatement from each assessment of such amounts as will, in the aggregate, equal the totality of the items improperly included in the assessment, will preserve the rights of all parties. This is a matter of mere computation, and unless agreed upon it will be referred to a commissioner to ascertain and report.