(92 N. W. Rep. 841.)

---

TURNQUIST v. CASS COUNTY DRAIN COM'RS et al.

---

**Appeal—Review—Constitutionality of Statute.**

> Courts will not inquire into and determine the constitutionality of statutory provisions at the instance of persons who are not interested or affected by such provisions. State v. Donovan, 86 N. W. Rep. 709, 10 N. D. 203, followed.

**Drain Commissioners.**

The authority of members of a board of drain commissioners is joint, and, under the provisions of section 5140, Rev. Codes, a majority of the members of such board constitute a quorum legally competent to act. It is accordingly *held,* in an action to enjoin the collection of certain assessments laid by the board of drain commissioners of Cass county to defray the cost of constructing two certain drains, that the fact that a part of the proceedings relating to such drains were taken by only two members of the board does not affect their validity.

**Determination of Board Conclusive.**

It is also *held* in this action, in which it is undisputed that the board acquired jurisdiction to construct the drains by the filing of proper petitions therefor, and that due notice of the hearing of the review of assessments was given, there being no allegation of fraud, that the determination of the board upon the assessment of benefits is conclusive. Erickson v. Cass Co., 92 N. W. Rep. 841, 11 N. D. 494, followed.

**Estoppel.**

It is further *held,* on the facts stated in the opinion, that the plaintiff is estopped from alleging the invalidity of the proceedings of the dainage board in a court of equity for the purpose of enjoining the collection of assessments.

**Chapter 25, Laws 1901, Unconstitutional.**

Chapter 25, Laws 1901, which provides for the allowance and taxation of an additional attorney's fee against plaintiffs in actions to enjoin drainage assessments, is unconstitutional and void, for the reason that the subject of the act is not expressed in its title. Erickson v. Cass Co., 92 N. W. Rep. 841, 11 N. D. 494, followed.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Andrew Turnquist against the Cass county drain commissioners and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*M. A. Hildreth, for appellant.*

*Ball, Watson & Maclay,* for respondents.

YOUNG, J. This is one of nineteen cases instituted in the district court of Cass county by the owners of real estate to vacate and enjoin certain assessments made by the drain commissioners of that county upon their lands to defray the cost of constructing two drains known as "Rush River Drain No. 12" and "Harwood Drain No. 2." The cases were consolidated in the district court for the purpose of trial, pursuant to a stipulation of counsel, which was made of record in each case, and under the terms of which the right to a separate appeal was reserved to each of the several plaintiffs. The trial court denied the relief sought, and entered judgment in each of said actions in favor of the defendants, and awarded to them an attorneys' fee of $85 in each case, in addition to the regular statutory costs. Thirteen of said plaintiffs perfected appeals to this court, and the same are

now pending for determination upon a demand for trials de novo. A statement of case is on file in each case. The statements are identical, each containing all the evidence offered at the trial of the 19 cases as consolidated. The complaints in the several actions are the same, except as to the names of the parties plaintiff, descriptions of land assessed, and amounts of the assessments. The judgments entered by the trial court are the same in all the cases. In this case the appellant, Andrew Turnquist, has served and filed a printed abstract, which contains all of the evidence offered at the trial as consolidated, and has also filed a printed brief under the statute and rules of this court. No printed abstract or briefs were served or filed in the other 12 cases, in which Nels Peterson, Ole Monson, Robert J. Percy, as guardian, Robert J. Percy, Swan Monson, Ellen B. Potter, A. F. Anderson, James Thompson, Andrew Hagman, Eric Peterson, Charles P. Safe, and Charles F. Anderson are appellants. Counsel for respondents waived the filing of such abstracts and briefs, and by stipulation of counsel, on file in each case, and with the consent of this court, the abstract and brief on file in this case is accepted as a proper record for the determination of the other 12 appeals. The questions involved in the cases are the same. No facts are pointed out in the brief which distinguish the other cases in any way from this case. The decision of this case will, therefore, control the decision in each of the other 12 appeals.

The complaint alleges four separate grounds as a basis for the relief sought. They are as follows: (1) That the order establishing the drains, and all subsequent acts of the board of drain commissioners, were void, "for the reason that said board failed to examine personally the line of the proposed drain before the passage of the said order, as required by section 1447, c. 79, Laws 1899"; (2) that the assessments are illegal for the reason that the board "failed to give the notice for the review of such assessments, as prescribed in section 1454, c. 79, Laws 1899, and that they failed to publish said notices in a newspaper of general circulation in the county, and that they failed to post five printed notices of the time and place of such review, as required by such section 1454"; (3) that the board of drain commissioners included in the cost of Rush River drain No. 12 certain sums which had been expended upon "Rush River drain No. 1," which was a former and abandoned drain; and (4) that the plaintiff's lands are not benefited. The defendants' answer denied each of the foregoing allegations, and alleged that the plaintiff is estopped from obtaining relief at the hands of a court of equity, for reasons to which we will hereafter refer; and further alleged that the assessments sought to be enjoined had been passed upon and determined by a competent and lawful tribunal, viz., the board of drain commisisoners, and upon due notice to all persons assessed. Upon the issues thus presented the trial court found: (1) "That the drain commisisoners examined the line of said drain before establishing the same"; (2) "that they gave notice of the review of the assessments in conformity with the law"; (3) "that the drain commissioners did not include in

the expense of the construction of Rush River drain No. 12 any expense of Rush River drain No. 1"; (4) "that the lands of the plaintiff are benefited directly and indirectly by Rush River drain No. 12 and Harwood drain No. 2"; (5) "that the plaintiff knew that said drains were being constructed, but the plaintiff failed to take any steps to interfere with the construction of said drains, and allowed the said Rush River drain to be constructed at a cost of $12,500, and the Harwood drain No. 2 at a cost of $14,700"; (6) "that the defendants are entitled to recover from the plaintiff a reasonable sum as attorneys' fee in the sum of $85, in addition to the costs and disbursements allowed by law." The court concluded, as matter of law, that the assessments were valid, and, further, that the plaintiff is estopped from alleging the invalidity of such assessments for the purpose of defeating the collection of the same.

This case was argued and submitted with the case of *Erickson* v. *Cass Co.*, 11 N. D. 494, 92 N. W. Rep. 841. That case related to assessments made to defray the cost of Argusville drain No. 13, and involved a determination of many of the questions presented in this case. The reasons adopted to sustain our conclusions are fully set forth in the opinion just handed down in that case, and need not be restated at length.

Turning now to the consideration of the questions urged upon this appeal, we may say that counsel for appellant does not contend in his brief that the trial court erred in finding that the board inspected the route of the drain, or in finding that the statutory notice of hearing upon assessments was given, or in finding that no part of the cost of the prior abandoned drain was included in the cost of the drains here in question; neither does counsel attack the correctness of the finding that plaintiff's lands are benefited. On the contrary, counsel relies upon legal questions only. They are as follows: (1) The unconstitutionality of certain provisions of the drainage law; (2) the alleged invalidity of the assessments, "because two members of the board of drain commissioners only acted with reference to many important matters"; (3) the unconstitutionality of chapter 25, Laws 1901, authorizing the allowance of additional attorneys' fees. The particular parts of the law claimed to be unconstitutional, so far as they relate to the attack upon the assessments, are section 1474, Rev. Codes, which authorizes the issuance of drainage bonds, and the amendment to section 1466, Rev. Codes, contained in chapter 79, Laws 1899, which authorizes drainage boards to locate and construct drains upon the routes of abandoned and invalid drains, and to allow compensation therefor to the extent that the abandoned or invalid drains contribute to the construction of the new drain. Neither of these questions properly arises in this or the other 12 cases submitted with it. Payment of the cost of both drains here in question was provided for by a single assessment. No bonds were issued or contemplated. Neither did the cost of either drain, as determined by the drainage board, include any sum allowed upon the cost of abandoned drains. The provisions, therefore, of which appellant complains, do not affect him in

any way. It is well settled that "courts will not inquire into and determine the constitutionality of statutory provisions at the instance of parties who are not interested or affected by such provisions." See *State* v. *Donovan*, 10 N. D. 203, 86 N. W. Rep. 709, and cases cited. Also, *Chicago, M. & St. P. Ry. Co.* v. *Cass Co.*, 8 N. D. 18, 76 N. W. Rep. 239. We may say, however, that both section 1474 and chapter 79, Laws 1899, were involved and considered in the case of *Erickson* v. *Cass Co.*, supra, and, upon mature deliberation, their validity was sustained against the objections which the appellant seeks to urge in this action.

Neither do we think that the question as to whether the proceedings of the drainage board were in all instances taken by the full board, or only by a majority thereof, is involved in this case under the pleadings. If, however, but two members acted, as counsel for appellant claims, that fact would not impair the validity of their acts. The board of drain commisisoners is made by statute to consist of three members. Their authority is joint. Whether a majority would constitute a quorum authorized to act, in the absence of an express statutory provision to that effect, we need not inquire. Any doubt which might exist on this point is removed by section 5140, Rev. Codes, which provides that "words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving authority." In no part of the entire drainage law is it required that the acts of the board shall be taken by all of the members. Upon this point see *Draining Co.* v. *Craighead*, 28 Ind. 274; *People* v. *Harrington*, 63 Cal. 257.

It is not disputed that the petitions for the drains involved in this case were legally sufficient, and, as we have seen, the trial court found that the statutory notice of hearing upon assessments was given, and that finding is not controverted by the appellant. The assessments sought to be enjoined were made by the tribunal created by law and clothed with authority to make the same, and to pass upon the question of benefits. There is no allegation of fraud, and the determination of the board must, therefore, be accepted as conclusive. The plaintiff has failed to sustain the allegations of his complaint, and must fail.

Equitable considerations, independent of all questions of regularity in the proceedings of the board of drain commissioners, compel the same conclusion. We agree with the conclusion of the trial court that the plaintiff is estopped from alleging the invalidity of his assessment, and this applies to each of the other 12 cases. It is shown that this plaintiff petitioned for the drain, and the same is true of the plaintiffs in nine of the other cases. Some of them signed as many as five petitions, which were presented to the board at different intervals covering several years. All of the plaintiffs must be assumed to have known of the construction of the drains during their progress, and that the cost of construction could be paid only by assessments. No steps were taken to warn the contractors or laborers, and no pro-

ceedings were instituted to restrain the progress of the work of construction. On the contrary, they remained silent, and permitted large sums of money to be expended without objection or protest. Thus the drains were constructed either under the direct inducement of the petition signed by plaintiffs, or under circumstances which were equivalent to their consent. These actions were not instituted until after the drains were completed, and the benefits arising therefrom had been conferred. To such persons a court of equity will not extend its remedy by injunction to prevent the collection of assessments necessary to defray the expense which they have thus induced or permitted to be incurred. The facts of this and the other 12 cases bring them, we think, under the decision just handed down in *Erickson* v. *Cass Co.,* wherein we held that: "A court of equity will not extend its extraordinary remedy of injunction to prevent the collection of assessments for benefits imposed to pay the cost of constructing drains, when the parties seeking such relief have been actively or impliedly consenting parties to its construction and to the proceedings which led to the assessments, whether such assessments are legally valid or not; and in such action parties who have petitioned for and induced the construction of drains cannot be heard to question either the constitutionality of the law under which the drain was constructed, or the legality of the proceedings taken thereunder, for the purpose of defeating their assessments."

One further question remains. It is contended that the allowance of the additional attorneys' fee in the taxation of costs was without authority of law. This contention must be sustained. The only authority for such an allowance is found in chapter 25, Laws 1901. The validity of that act was involved in *Erickson* v. *Cass Co.,* before referred to. We there held that it was unconstitutional for the reason that the subject of the act is not expressed in its title. That conclusion we adhere to. The inclusion of the additional attorneys' fee of $85 was, therefore, error. That item will be stricken from the judgment, and, as thus modified, the judgment of the district court is in all things affirmed. The respondents, having prevailed upon all of the merits, will recover their costs and disbursements in this court. All concur.