ceedings were instituted to restrain the progress of the work of construction. On the contrary, they remained silent, and permitted large sums of money to be expended without objection or protest. Thus the drains were constructed either under the direct inducement of the petition signed by plaintiffs, or under circumstances which were equivalent to their consent. These actions were not instituted until after the drains were completed, and the benefits arising therefrom had been conferred. To such persons a court of equity will not extend its remedy by injunction to prevent the collection of assessments necessary to defray the expense which they have thus induced or permitted to be incurred. The facts of this and the other 12 cases bring them, we think, under the decision just handed down in *Erickson* v. *Cass Co.,* wherein we held that: "A court of equity will not extend its extraordinary remedy of injunction to prevent the collection of assessments for benefits imposed to pay the cost of constructing drains, when the parties seeking such relief have been actively or impliedly consenting parties to its construction and to the proceedings which led to the assessments, whether such assessments are legally valid or not; and in such action parties who have petitioned for and induced the construction of drains cannot be heard to question either the constitutionality of the law under which the drain was constructed, or the legality of the proceedings taken thereunder, for the purpose of defeating their assessments."

One further question remains. It is contended that the allowance of the additional attorneys' fee in the taxation of costs was without authority of law. This contention must be sustained. The only authority for such an allowance is found in chapter 25, Laws 1901. The validity of that act was involved in *Erickson* v. *Cass Co.,* before referred to. We there held that it was unconstitutional for the reason that the subject of the act is not expressed in its title. That conclusion we adhere to. The inclusion of the additional attorneys' fee of $85 was, therefore, error. That item will be stricken from the judgment, and, as thus modified, the judgment of the district court is in all things affirmed. The respondents, having prevailed upon all of the merits, will recover their costs and disbursements in this court. All concur.

(92 N. W. Rep. 852.)

---

A. F. ANDERSON *v.* CASS COUNTY DRAIN COM'RS *et al.*

---

Appeal from District Court, Cass County; *Charles A. Pollock, J.*

Action by A. F. Anderson against the Cass County Drain Commissioners and others. Judgment for defendants, and plaintiff appeals. Modified.

*M. A. Hildreth,* for appellant.

*Ball, Watson & Maclay,* for respondents.

PER CURIAM. The questions involved in this case are the same as

those presented and determined in the case of *Turnquist* v. *Commissioners* (in which an opinion has just been handed down) 11 N. D. 514, 92 N. W. Rep. 852. The decision in that case is in all respects controlling. It follows, therefore, that the judgment of the district court upon the merits must be affirmed. The allowance of an additional attorney's fee against plaintiff in the taxation of costs, however, was error, and the same is ordered stricken from the judgment. As thus modified, the judgment of the district court will be in all things affirmed. Respondents will recover their costs and disbursebursements in this court.

(92 N. W. Rep. 1133.)

CHARLES F. ANDERSON *v.* CASS COUNTY DRAIN COM'RS *et al.*

Appeal from District Court, Cass County; *Charles A. Pollock, J.*

Action by Charles F. Anderson against the Cass County Drain Commissioners and others. Judgment for defendants, and plaintiff appeals.

Modified.

*M. A. Hildreth,* for appellant.

*Ball, Watson & Maclay,* for respondents.

PER CURIAM. The questions involved in this case are the same as those presented and determined in the case of *Turnquist* v. *Commissioners* (in which an opinion has just been handed down) 11 N. D. 514, 92 N. W. Rep. 852. The decision in that case is in all respects controlling. It follows, therefore, that the judgment of the district court upon the merits must be affirmed. The allowance of an additional attorney's fee against plaintiff in the taxation of costs, however, was error, and the same is ordered stricken from the judgment. As thus modified, the judgment of the district court will be in all things affirmed. Respondents will recover their costs and disbursebursements in this court.

(92 N. W. Rep. 1133.)

ANDREW HAGMAN *v.* CASS COUNTY DRAIN COM'RS *et al.*

Appeal from District Court, Cass County; *Charles A. Pollock, J.*

Action by Andrew Hagman against the Cass County Drain Commissioners and others. Judgment for defendants, and plaintiff appeals.

Modified.

*M. A. Hildreth,* for appellant.

*Ball, Watson & Maclay,* for respondents.