## EDWARDS et al v. CASS COUNTY et al.

### (137 N. W. 580.)

**Drains — validity of assessments.**

1. In an action to restrain levy of special drainage assessment in specific amounts as to tracts, though begun prior to the completion of drain, *held:* the failure of the surveyor or the board to cause to be filed with the county auditor the surveyor's duplicate report of profiles, plans, and specifications

of the proposed ditch petitioned for, prior to hearing on feasibility of establishment of the drain, does not defeat the jurisdiction or authority of the drainage board to proceed, hear, and by · order establish the drain, when a duplicate of said surveyor's report, with plans, specifications of drain, and map of drainage area, was, prior to hearing, on file and before the drain board, and when no prejudice is shown to have resulted to appellants from such omission.

**Drains — statute as to posting notices of hearing on establishment of drain.**
2. Statute as to posting notices of hearing on establishment of drain was substantially complied with.

**Drains — special assessments — procurement of deed to right of way.**
3. Delay in procurement of a deed to a portion of the right of way contracted for, and obtained after hearing on apportionment and review of special assessment of benefits by percentages, does not invalidate such special assessment.

**Drains — assessments — tracts and highways omitted from such assessment.**
4. The trial court's finding confirmed that certain tracts and highways omitted from such assessment of benefits by percentages were, by the board omitted, in good faith upon substantial grounds and after personal examination of the lands in the drainage area.

**Drains — assessments.**
5. This court will not review the judgment of the drainage· board as to specific benefits to be derived, apportioned in percentages, in the absence of allegations and proof of fraud or something more than error of judgment on the part of the board.

**Drains — proceedings reviewed.**
6. The contract entered into for the construction of the drain having been assailed in the pleadings, but the question of the validity of which having been abandoned on appeal, the contract is *held* valid and the trial court's findings in said respect confirmed.

**Drains — assessments — statutory provision — review.**
7. Failure to post notices of time and place of review of special percentage assessments of benefits in one township of the three within the drainage area is *held* to be a noncompliance with § 1828, Revised Code 1905, as amended by the Session Laws of 1907, rendering the proceedings as to review had in said township invalid.

**Findings of lower court affirmed —— legal establishment — judgment modified.**
8. The findings of the lower court are affirmed as to the ditch being legally established and constructed under a valid contract, and that certain highways omitted from the attempted assessment of benefits by percentages were, under

the evidence and the pleadings, properly omitted. But said judgment is modified to the extent that judgment will be entered, holding void the review had on the special assessment by percentages as to the specific tracts in Rush river township within the drainage area of the ditch. No costs to be taxed or allowed to either party.

Opinion filed July 31, 1912. Rehearing denied September 20, 1912.

Appeal by plaintiffs from a judgment of the District Court for Cass County, *Pollock,* J., dismissing an action brought to enjoin the construction of a drain.

Modified and affirmed.

*McEnroe & Wood,* for appellants.

Failure to comply with the statutory requirements in taking steps for the establishment of drains renders the assessment invalid. 2 Page & J. Taxn. §§ 770, 777; Fraser v. Mulany, 129 Wis. 377, 109 N. W. 139; 1 Cooley, Taxn. 3d ed. 631, 632.

Failure to show in the notice the signers of the petition is not a compliance with the statute. Re Central Irrig. Dist. 117 Cal. 382, 49 Pac. 354; People v. Berkeley, 102 Cal. 298, 23 L.R.A. 838, 36 Pac. 591; Roche v. Farnsworth, 106 Mass. 509; McVichie v. Knight, 82 Wis. 137, 51 N. W. 1094; McCuaig v. City Sav. Bank, 111 Mich. 356, 69 N. W. 500; 7 Enc. Law, 2d ed. 506; Dunbar v. Phœnix Ins. Co. 72 Wis. 492, 40 N. W. 386.

Notice of hearing on the petition for drain, actually given by said board, was not such notice as would fairly and reasonably apprise the property owners affected of the pendency of the assessment proceedings. Page & J. Taxn. §§ 119–121, 130, 137; 1 Cooley, Taxn. 3d ed. 631–633, 1243; Curran v. Sibley County, 47 Minn. 313, 50 N. W. 237; Fraser v. Mulany, 129 Wis. 377, 109 N. W. 139; McLauren v. Grand Forks, 6 Dak. 397, 43 N. W. 710.

Drainage board arbitrarily, intentionally, and wilfully omitted to assess lands within the drainage district, which the board acknowledged were equally benefited with other lands assessed. 2 Paige & J. Taxn. §§ 639–648, 1432; Powers v. Larabee, 2 N. D. 141, 49 N. W. 724; Pickton v. Fargo, 10 N. D. 469, 88 N. W. 90; 1 Cooley, Taxn. 631.

*Ball, Watson, Young, & Lawrence,* for respondent.

The jurisdiction of the board is established by the filing with it of a sufficient petition. Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66.

Notice is knowledge, and where parties have knowledge, and especially where they appear and are heard, they cannot complain of the inadequacy of the notice. 2 Page, & J. Taxn. p. 774, and cases cited.

Goss, J. This action was brought by property owners to restrain the construction of a drain in Cass county, and to restrain further action by the drain board and board of county commissioners, county auditor, county treasurer, and contractors in the matter. The necessary petition for drain had been presented to the drainage board and by it acted upon, establishing the drain, after preliminary steps in the matter of survey, inspection, and location had been taken. The hearing to be had on the petition, provided by chapter 93, Session Laws 1907, was had. Right of way had been obtained. A special assessment of benefits, computed by percentages, had been determined upon and reviewed after hearing thereon. Contracts for construction had been let when this suit to restrain all further proceedings towards construction, bonding, levying of final assessment or collection thereof, was begun. A temporary restraining order was issued, but, after hearing on affidavits, was dissolved. The work of construction was thereupon completed. Then trial on the merits was had of the issues involved and the action dismissed, and this appeal is from such dismissal.

We are met with a motion by respondents to strike out the brief for want of assignments of error, and to dismiss the appeal and affirm the judgment for this and the additional claim that the case has, pending trial, become moot, inasmuch as the original action was begun to restrain proceedings, and the record shows that the matters sought to be restrained have, in the main, been fully performed, so that the full relief prayed for cannot be granted. It is conceded, however, that no final assessment in specific amounts has ever been extended against the lands involved and within the drainage area, and to this extent at least an issue remains for determination. Accordingly, we will decide this controversy on the merits.

Section 1821, Revised Codes 1905, as amended by Chapter 93, Session Laws 1907, provides that, on a petition for drain being presented to the drainage board, that board shall cause a surveyor to prepare profiles, plans, and specifications, and estimate of the cost of the proposed project, accompanied by a map of the lands to be drained, all of which, embodied in a report, must be made in duplicate, one of such reports to be filed with the drainage board and the other in the office of the county auditor, both for the inspection of the public. Prior to the amendment of 1907 but one set was required, and that was filed with the county auditor. The amending statute does not specify the exact time of the filing of the duplicate with the county auditor, but by necessary inference from the original statute, § 1821, it is to be filed with such official before the hearing afforded interested parties under the amended act concerning the feasibility of the project, and as to whether the benefits to be derived from the drain would exceed the cost thereof. The duplicate of the surveyor's report of his proceedings, required in ordinary procedure to be filed with the county auditor before the hearing on the question of the establishment of the drain, was not filed until some little time after such hearing had been had and the drain by order established. The duplicate required to be filed with the drainage board was filed with it before said hearing and before the order was made establishing the drain. And on this omission plaintiffs predicate error.

The law is settled in this state that upon the filing of a sufficient petition for drain with the drainage board jurisdiction is vested in that board to proceed with the drain petitioned for. Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; Turnquist v. Cass County, 11 N. D. 514, 92 N. W. 852; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50; particularly first and last two cases cited. See also Hackney v. Elliott, — N. D. —, 137 N. W. 433 (too recently decided to be yet reported). Prior to chapter 93, Session Laws 1907, providing for a hearing before the drainage board on notice to the parties whose lands are affected, the board acted without affording a public hearing. The object of the surveyor's report is to furnish information to those interested and to perpetuate the record. For this purpose it is to be

filed with the auditor. The board derives its knowledge from personal inspection and from the duplicates filed with it, as well as from any matters brought out on such preliminary hearing. But the board is the court to pass upon the necessity and feasibility of the proposed drain. And we do not deem the failure of an employee of the board, the surveyor, to file his duplicate report with profiles, plans, and specifications of the proposed drain, and plat of the drainage area with the county auditor, such as irregularity as should defeat the action of the board establishing the drain, especially in the absence of a showing of actual prejudice resulting therefrom to the appellants. The duplicates were on file with the drainage board and under the law open to inspection, and it does not appear that appellants were denied the privilege of inspection. Besides, by providing that upon the board filing the surveyor's report it may proceed to hearing on the question of the establishment of the drain, the statute by necessary inference, from the omission to require it not to proceed until the auditor should have on file a duplicate report, authorizes the board to act on the surveyor's report filed by and before it.

Equally technical is the assignment that the notice of the preliminary hearing on the establishment of the drain did not contain a sufficient copy of the petition because the names of the signers thereof were omitted, although the notices contained a literal copy of the petition for drain, except the names or signatures of the petitioners were omitted. Appellants also urge that the statute as to posting of said notices was not complied with. It requires that "the board shall fix a date for hearing objections to the petition, and shall give notice of such hearing by causing five notices to be posted along the line of the proposed drain at such points as will be likely, in the opinion of the board, to secure the greatest publicity." The requisite number of notices were posted, but were not all of them posted exactly "along the line of the proposed drain;" one being posted a mile distant, in the postoffice at Argusville. We do not construe the statute to require that all the notices must be posted on the line of the proposed drain, but, instead, that the board should consider, as provided by statute, the element of publicity to be derived from the posting, and certainly, if posting of notices can afford notice, the statute was here substantially complied with. We do not hold the giving of this notice to have

been, under the 1907 statute, a jurisdictional prerequisite. Erickson v. Cass County, 11 N. D. 494–506, 92 N. W. 841; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; 2 Page & J. Taxation by Assessment, § 759, and cases cited.

Appellants complain, also, that a certain deed to right of way was not filed in the office of the county auditor in advance of the apportionment of specific benefits by percentages. It appears that a contract for deed for this portion of the right of way had been executed, but the death of the landowner prevented the transfer of the right of way by deed until appointment of an executor. The conveyance was thereafter made. This is, by § 1841, Revised Codes 1905, classed as a mere irregularity or informality which was cured by the conveyance. Alstad v. Sim, 15 N. D. 628, 109 N. W. 66; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841.

Appellants also assign error on failure to post the notice in Rush river township of the time and place of hearing on review of apportionment of benefits in percentages as to specific tracts. A portion of Rush river township, all of which was more than 6 miles from the drain, was determined as within the drainage area, and an apportionment of benefits was made to property therein. No notice was posted in said township, although more than the required number of notices were distributed among the other townships. Proper notice by publication was given in strict conformity with the statute in such respect. Section 1828, as amended by the Session Laws of 1907, provides that after the completing of the percentage assessment the board shall give at least ten days' notice of the time and place where it will meet parties for the purpose of letting contracts for construction. "Such notice shall be published in some newspaper of general circulation in the county, and printed notices, not less than five in all and at least one in each township or municipality interested in such drain, shall be posted in such township and municipalities at such points as will be likely, in the opinion of the board, to secure the greatest publicity for such notice. Such notice shall also state that at the time and place of letting of contracts the assessment of benefits shall be subject to review unless such assessment has already been reviewed." Does the omission to post a notice in Rush river township invalidate the review of such special assessment? Respondents assert that, in order for the

statute requiring the posting of notices in every township to be applicable, the township as a legal entity must be interested in such drain; reasoning that the inhabitants with lands affected, and within the drainage district, are notified constructively by the publication of the notice, while the township as such is so notified by posting of notices in it, at least one of which must be posted within each township within the drainage area. Such construction is hardly consistent with the reason for the posting, as stated in the statute, to be "at such points as will be likely, in the opinion of the board, to secure. the greatest publicity for such notice." No need of publicity exists if the township only is to be bound by such posted notice. If notice to the township was all that was so intended by posting, service on a township officer no doubt would have been required instead. And though the statute strictly construed might bear the interpretation contended for, it reading, "and printed notices not less than five in all, and at least one in each township or municipality interested in such drain, shall be posted in such township, "we conclude it was not meant to be so interpreted. It is identical in language in these respects with Code § 1828, which one of counsel urging this strict construction, in Erickson v. Cass County, 11 N. D. 494, at page 506, 92 N. W. 841, speaking for the court, has aptly interpreted by the following: "Neither can the objection to the form of the notice of assessment and the sufficiency of the posting and publication of such notices be sustained. The record shows that the notice was published in a newspaper of general circulation ten days prior to the hearing, and five printed copies of such notice were posted in the township traversed by the drain at such points as were likely, in the opinion of the board of drain commissioners, to secure the greatest publicity for such notices. This was a full compliance with the statute." While this question of construction was not there urged, yet the court there gave the correct interpretation of this statute as to notice to the parties affected.

Respondents also urge that appellants are estopped from urging want of notice, because they participated in the proceedings before the board on said hearing in review of the assessment of benefits by percentages as to specific tracts. Appellants'. contention should, undoubtedly, be sustained if it applied to all of these plaintiffs; but the evidence does not establish that Joseph Kellye, Carl Gangness, T. H.

Cruden, P. J. Helland, William Blake, and Mrs. Hattie Gardner of these appellants participated or appeared before said board on the review of said assessment; nor probably are other residents of Rush River township, aside from those defendants bound by appearance, foreclosed from asserting the invalidity of the assessment as to lands within the drainage area and within Rush River township.

As to such hearing on review of special assessments, it is the all-important hearing and day in court so far as the taxpayers, the land-owners, whose assessments thereby virtually became fixed for all time, are concerned. This is the hearing which, with notice thereof, consti-tutes due process of law in the levying of the assessment which may result in deprivation of property. The legislature prescribes the no-tice taxpayers shall have to here comply with constitutional provisions. Its declaration as to what shall constitute legal and sufficient notice at this point and for such purposes is mandatory. 2 Page & J. Assess-ment, §§ 729, 730, 732, 735, 745, 748, 756, 759, the last section of which, in relation to this bearing, reads: "Service by posting notices in public and conspicuous places where the owners of property affected by the improvement would see them in the ordinary course of events, in going to and from their property, is a sufficient compliance with the constitutional rights of the property owners; and if such service is made in compliance with the statutory provisions it is sufficient. Such serv-ice can, however, be made only in substantial compliance with the pro-visions of the statute, or it will be insufficient," citing authority. Ham-ilton, Special Assessments, §§ 141 et seq.

Our conclusion is that the statute is mandatory, and for want of posting, in Rush River township, of the notice of review of assessment of benefits by percentages, as to specific tracts within said township and within the drainage area of the ditch in question, the proceedings had on review is invalid.

At the time this action was commenced all proceedings subsequent to the review of the assessment were enjoined, but on dissolution of the injunction the work proceeded and the drain was constructed, as the record discloses, under contract or contracts entered into after no-tice as required by § 1828, as amended by the Session Laws of 1907, notice of the entry of which contracts was given by the notices herein declared insufficient. Pending trial, said contract has become exe-

cuted. If the legality of this contract has not become a moot question, we will say, to put the matter beyond doubt as to where the board may commence in proceeding anew herein, that the invalidity of said contract is not determined by this decision. But rather that counsel by placing in issue, as they have in paragraph twelve of their complaint, the validity of said contracts and on the particular grounds therein stated, and having on the trial failed in proof, and here abandoned said question adjudged against them in the lower court by not assigning error thereon or mentioning the same in their brief, we affirm the findings of the trial court in this respect, and hold the contract under which construction of the ditch was had to be valid.

As to the assignments attacking the validity of the purported assessments by percentages as confirmed after review, wherein appellants urge that the omission of certain highways from assessment invalidated the same, our holding of the assessment invalid on other grounds obviates the necessity of passing upon this question. We may state, however, that we see nothing in the evidence to have invalidated the assessment on this ground. The trial court found that any omissions of tracts from the assessment was done by the board "in good faith and upon substantial grounds, and that the assessment of benefits was made in good faith and without fraudulent intent or purpose, and was made after personal examination of the lands in the drainage area and a consideration of the levels theretofore made." Our conclusions are the same. Appellants disclaim any fraudulent acts on the part of the board, and any such omissions are not pleaded as purposely done to defraud. The benefits to be derived from the drain were matters within the judgment of the drainage board, they being "the tribunal created by law and clothed with authority to make the same and pass upon the question of benefits. There is no allegation of fraud, and the determination of the board must therefore be accepted as conclusive." Turnquist v. Cass County Drain Commrs. 11 N. D. 514–518, 92 N. W. 852; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191.

We have passed upon all questions raised. And under § 1841, requiring the court to "on final hearing make such an order in the premises as shall be just and equitable," we have determined the status of proceedings so that the drainage board may commence with the assess-

ment of benefits by percentages as tentatively apportioned to specific tracts, and proceed anew with a review thereon, to be followed by such further proceedings as are authorized by law in the premises. And the judgment of the trial court is in all things affirmed, except that portion thereof holding valid the review had on the assessment of benefits by percentages as apportioned to specific tracts within the drainage area, which review is adjudged void as had upon insufficient notice; all proceedings concerning the drain in question to that point being confirmed, including the letting of the contract for the construction of the drain. As so modified and affirmed the case is remanded, with directions that judgment be entered in accordance herewith.

As the judgment herein ordered is not a recovery of all demands urged by either party, and as defendants are public officials who were not wilfully negligent, judgment against whom for costs could probably not be assessed as a part of the cost of construction of this drain (4 Dill. Mun. Corp. § 1440, and note citing State, Dewitt, Prosecutor, v. Rutherford, 57 N. J. L. 619, 31 Atl. 228), we direct that no costs be taxed and no judgment for costs be entered.