LAMBERT v. MILLS COUNTY ET AL.

1. **Ditch:** VICINITY: ASSESSMENT OF COST: APPEAL. In a proceeding under the statute to construct a ditch, and assess the cost thereof on the lands along the line and in the vicinity of the ditch, the board of supervisors has the jurisdiction and the power to determine what lands are in the vicinity of the ditch and are subject to assessment; and from its determination in the matter no appeal lies.

*Appeal from Mills Circuit Court.*

MONDAY, JUNE 12.

THE plaintiff presented to the board of supervisors of defendant a " petition for the correction, remission and revision of the levy and assessment of a certain special ditch tax, purporting to have been made against him," on real estate described in the petition, on the grounds the tax was illegal,

wrongful, erroneous, and without authority of law. The board refused to remit or modify the assessment, and the plaintiff appealed to the Circuit Court, which appeal was dismissed on the ground that none was allowed by law. The plaintiff appealed to the Supreme Court.

*Kelley & Bros.*, for appellant.

*Watkins & Williams* and *Hall & Stone*, for appellees.

SEEVERS, CH. J.—What was to be accomplished by the construction of the ditch, the record fails to disclose with certainty, but we infer from the arguments of counsel it was located and constructed under the provisions of § § 1207 to 1216, inclusive, of Miller's Code. It does not appear the plaintiff was a petitioner for the ditch, or that the same was located on or through his land. The board of supervisors was authorized to make an equitable apportionment of the cost of the ditch and assess the same on the lands along the line, or in the vicinty, of the ditch. Miller's Code, § 1214. The illegal or erroneous act complained of is based, as we understand, on the fact the board determined the plaintiff's land was in the vicinity of the ditch, and therefore should bear an equitable portion of the cost of construction. No complaint is made of the amount of the assessment, if the land could be assessed at all. The question is, then, narrowed down to this: The board determined the land of the plaintiff was in the vicinity of the ditch, and he claims it was not, as contemplated by the statute. If it was not, then of course it should not have been taxed.

Vicinity does not mean adjoining to or abutting on, but near, close by, or neighboring country. The subject-matter to which the occasion for the use of the word requires it should be applied, should, to some extent at least, control its meaning as to nearness to or distance from. It is evident when the board was vested with the power to determine what land in

1. DITCH: vicinity: assessment of cost: appeal.

the vicinity or neighborhood of the ditch should be assessed, with a portion of the cost of construction, a large discretion was reposed in the board as a local tribunal, who could see and examine the ground, and thereby more nearly attain the object and intent of the statute. In so doing, they would have the power to assess one parcel of land more, another less, and others not at all. Such being the power clearly vested in the board, an appeal will not lie from its determination, unless the statute expressly or by necessary implication so provides.

Section 1216 of Miller's Code, is as follows: "The petitioners, or any of them, or the applicant for compensation for land taken, or for damages sustained by reason of the change of the direction of any water-course, may appeal from the order locating and establishing such ditch or drain, or changing the direction of such water-course or refusing to do so, and from the amount allowed as damages." *  *  *.

The statute, in terms, provides that these classes of persons may appeal: *First.* The petitioners for the ditch or change in the direction of the water-course. *Second.* The owner of land taken; and *Third.* Whoever is damaged because of the change in the direction of a water-course. The plaintiff is not included in either of the foregoing classes, and the fact that an appeal is expressly allowed to a class of persons only, is a strong argument that an implication cannot exist as to others. There is no other statute bearing on this subject, and therefore the appeal was properly dismissed.

No such question as the one before the court was presented or determined in *Brandriff v. Harrison County,* 50 Iowa, 164. The board had jurisdiction and the power to determine the plaintiff's land was in the vicinity of the ditch, and whether there is any remedy, if an erroneous conclusion is reached, is not before us. All that we hold is, that an appeal from the action of the board in the present case, is not allowed by statute.

AFFIRMED.