(107 N. W. 525.)

---

THE STATE OF NORTH DAKOTA EX REL DENNIS DORGAN, v. CHARLES J. FISK, JUDGE OF THE DISTRICT COURT, FIRST JUDICIAL DISTRICT OF GRAND FORKS COUNTY.

Opinion filed March 2, 1906.

**Drains — Drainage Commissioners Act Judicially in Assessing Benefits.**

1. A board of drainage commissioners, appointed under statutory authority and acting regularly in the discharge of its statutory duties, is exercising functions in their nature judicial when it assesses the benefits to lands in the drainage district established by it.

**Same — Action Final Unless Assailed for Fraud, or Other Ground for Equitable Interference.**

2. After such board has assessed the benefits to lands under such circumstances, and has proceeded in all things in accordance with the statutory requirements, its action in assessing benefits is final unless assailed for fraud or other ground for equitable interference.

**Same — Disqualification of Commissioner.**

3. The fact that one of the members of a board of drainage commissioners owns land in the drainage district that will be benefited by the drain will not disqualify such member from acting, nor render the proceedings in which he participated void or subject to attack by a court of equity.

**Same — Writ of Prohibition.**

4. When a district court enjoins proceedings by a board of drainage commissioners acting regularly and within its exclusive jurisdiction, a writ of prohibition from this court is a proper remedy to be invoked against further proceedings by the district court.

**Same — Adequate Remedy at Law.**

5. An appeal from the action of the district court, under such circumstances, is not a speedy nor adequate remedy.

Application for writ of prohibition by the state of North Dakota, on the relation of Dennis Dorgan, against Charles J. Fisk, as judge of the District Court of the First judicial district.

Writ issued.

*C. N. Frich,* Attorney General, and *J. B. Wineman,* State's Attorney, for petitioner.

In the absence of fraud, proceedings of drain commissioners are not open to collateral attack. Turnquist v. Cass County Drain Commissioners et al., 11 N. D. 514, 94 N. W. 852; Glide v. Superior Court of County of Yolo et al., 81 Pac. 225; Stanley v. Supervisors of the County of Albany, 121 U. S. 535, 30 L. Ed. 1000; Bauman et al. v. Ross et al., 167 U. S. 548, 19 Sup. Ct. Rep. 966; Pittsburg C., C. & St. L. Ry. Co. v. Backus, 154 U. S. 421, 14 Sup. Ct. Rep. 1114; Davidson v. Board of Admrs. of the City of New Orleans, 96 U. S. 97, 24 L. Ed. 616; Board of Directors v. Tregea, 88 Cal. 334, 26 Pac. 237; Fallbrook Irrigation District et al. v. Bradley et al., 184 U. S. 167, 17 Sup. Ct. Rep. 56; Lambert v. Mills County et al., 12 N. W. 715; Griffith v. Pence et al., 59 Pac. 677; Dodge County et al. v. Acom et al., 85 N. W. 292; Swan Creek Township et al. v. Brown, 90 N. W. 38; Oliver et al. v. Monona County et al., 90 N. W. 510; Tucker v. People, 156 Ill. 108; People, etc., v. Hagar, etc., 66 Cal. 59, 4 Pac. 951; Terre Haute & L. R. Co. v. Soice, 128 Ind. 105, 27 N. E. 429; Brady v. Haward, 114 Mich. 326, 72 N. W. 233; Stone v. Little Yellow Drainage District et al., 118 Wis. 388, 95 N. W. 405; Skinner v. Nixon, 52 N. C. 342; Bowersox v. Wattson, 20 Ohio St. 496.

Findings of the drainage commissioners are as conclusive upon the courts as the verdict of a jury upon conflicting evidence. Miller v. Logan County, 3 Ohio Cir. Ct. 617; Smith v. City of Worcester, 182 Mass. 232, 65 N. E. 40; Prior v. Buechler, 71 S. W. 205; Klein v. Tuhey, 13 Ind. App. 74; Toledo v. Ford, 20 Ohio Cir. Ct. 290; Fort Wayne v. Cody, 43 Ind. 197.

The question of the comprehensiveness, cost or more natural outlet for the drain, is for the determination of the board, which is not for review by the courts. Heick et al. v. Voight, 110 Ind. 279, 11 N. E. 306; Maranda v. Spurlin, 100 Ind. 380; Anderson v. Baker, 98 Ind. 587; Neff v. Reed, 98 Ind. 341.

The doings of the board are legislative acts by a municipal corporation. Glide v. Superior Court of Yolo County, supra; Rice v. Snider, 134 Fed. 953.

Where fraud is relied upon the bill must be specific and definite as to the acts constituting it. High on Injunctions, section 21.

Prohibition is the proper remedy. 23 Am. & Eng. Enc. Law, 197.

The writ issues where the right of appeal does not afford speedy and adequate remedy. Jenkins v. Barry, 83 S. W. 594; State v. Alne, 54 S. W. 494, 26 Ky. Law Rep. 1141; Wells v. Torrance, 119 Cal. 437, 51 Pac. 626; Havemeyer et al. v. Superior Court, 84 Cal. 327, 24 Pac. 121; State of Missouri et al. v. Wear et al., 33 L. R. A. 341; Norfolk & Western Ry. Co. v. Pinnacle Coal Co., 41 L. R. A. 414; Newport News and M. Valley Co. v. McBrayer, 15 Ky. Law Rep. 399; see note, 51 L. R. A. 33; Swaneburn v. Smith, 15 W. Va. 483; Siding Cull Pepper Co. v. Gerrell, 20 Gratt. 484; Thomas v. Mead, 36 Mo. 246; City of North Yakima v. Superior Court of King County, 30 Pac. 1053; Quimbo Appo v. People, 20 N. Y. 531; Fayerweather v. Monson, 23 A. 878.

*Tracy R. Bangs,* for respondent.

The attack upon the decision of the drain commissioners is direct, not collateral. Marrill v. Marrill, 23 Am. St. Rep. 97; Bailey v. Bailey, 44 Am. St. Rep. 713; Estate of Claghorin, 59 Am. St. Rep. 681; Burke v. Interstate Sav. & Loan Ass'n, 87 Am. St. Rep. 416.

The exercise of discretionary power is not an arbitrary act of will; it is an act of judgment deciding what equity and justice require upon a given state of facts. No appeal being provided by law, the only remedy is the one invoked. 2 Enc. Pl. & Pr. 417; Patterson v. Ward et al., 6 N. D. 609, 72 N. W. 1013; Anderson v. First National Bank, 5 N. D. 80, 64 N. W. 114; Wheeler v. Castor et al., 92 N. W. 381; Fargo v. Keeney et al., 92 N. W. 836; Minn. Thresher Mfg. Co. v. Holz et al., 10 N. D. 16, 84 N. W. 581; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Gull River Lbr. Co. v. Osborn McMillan Elev. Co., 6 N. D. 276, 69 N. W. 691; Dinnie et al. v. Johnson, 8 N. D. 153, 77 N. W. 612.

No person can be a judge in his own case. Stockwell v. The Township Board, 22 Mich. 341.

The plaintiff has a plain, speedy and adequate remedy at law. State ex rel Carrau. v. Superior Court of King County, 71 Pac. 648; Agassiz v. Superior Court, 27 Pac. 49; Walker v. District Court, 35 Pac. 982; White v. Superior Court, 42 Pac. 471; Willman v. District Court, 35 Pac. 692; County Court v. Boreman et al., 12 S. E. 491; State v. Whiteaker, 19 S. E. 376; State ex rel Mayor v. Rightor, 6 So. 102; State v. Judge, 33 La. Ann. 925; State v. Jones, 25 Am. St. 897; People v. District Court, 77 Pac. 239;

State v. Neal, 71 Pac. 647; State ex rel. Carrau v. Superior Court, supra; People v. DeFrance, 68 Pac. 267; County Court v. Boreman, supra; State v. Whitaker, supra; People v. District Court, 19 Pac. 541; Strouse v. Police Court, 24 Pac. 747; Agassiz v. Superior Court, supra; The Eau Claire Dells Impr. Co. v. Court, 26 Minn. 233; People v. Wayne Cir. Ct., 11 Mich. 403; State ex rel. Mayor v. Rightor, 6 So. 102; Turner et al. v. Mayor, 3 S. E. 649; State v. Jones, 26 Am. St. Rep. 897; People et al. v. District Court, 77 Pac. 239; Walker v. District Court, supra; White v. Superior Court, supra; Willman v. District Court, supra.

Morgan, C. J.     The board of drain commissioners of Grand Forks county, appointed and acting under chapter 21 of the Revised Codes of 1899, as amended by chapter 80, p. 89, Laws of 1903, instituted proceedings for the establishment of a drain in said county. The board had advertised for bids for the construction of said drain and a day was set for considering bids. Prior to the time for opening such bids 16 land owners whose lands were in the established drainage district commenced an action against the drainage board, praying that it be enjoined from taking any further proceedings in reference to letting contract for constructing the drain. The plaintiffs procured an order to show cause why a preliminary injunction should not be issued enjoining the defendant from further proceedings. On the day fixed for the hearing on the order to show cause the defendants appeared and objected to the issuance of an injunction. The objections were all overruled and the court stated that a preliminary injunction would be issued. Prior to the issuing of such injunctional order one Dennis Dorgan, claiming to be a land owner in said drainage district and beneficially interested therein, applied to this court for an alternative writ of prohibition directed to the district judge and commanding him to desist from further proceeding in the injunctional action. The district judge made his return to the writ in this court, wherein all the proceedings in the action before him and upon which he alleged that his acts were legal and justifiable were set forth. The return also denies that this court has jurisdiction to issue the writ in this case for the reason that there is a plain, speedy and adequate remedy in the ordinary course of law.

The complaint in the action against the drainage board alleged as grounds for an injunction: (1) "That the drain proposed to be constructed, and for which the plaintiff's lands are to be assessed

for benefits, will not be of any benefit whatever, direct or indirect, to the plaintiffs' lands. (2) That said defendants, the said board of drain commissioners, as such board and individually, each and all know and knew on the 26th day of August, 1905, after all the facts had been submitted to it and them with respect to the benefits to accrue to the lands hereinbefore referred to that no benefit whatever would accrue to the land described herein as belonging to these plaintiffs; that notwithstanding such knowledge on the part of said board of drain commissioners and the members thereof, the said board of drain commissioners willfully, fraudulently, and in violation of the rights of these plaintiffs * * * in violation of the duties imposed upon said defendants * * * ordered and directed that said ditch or drain to be dug * * * and that the lands of these plaintiffs be assessed, taxed and charged with benefits, etc. (3) That Owen Lavelle, one of the defendants, and one of said board of drain commissioners, owns considerable lands north of the line between the townships of Walle and Grand Forks, and claims and contends, and these plaintiffs concede the fact to be, that the land so owned by said Lavelle will be benefited by the construction and maintenance of said drain. That said Lavelle has been extremely active in his efforts to force through the proceedings preliminary and incidental to the construction of said drain."

The defendants answered this complaint and alleged: (1) That the lands owned by the plaintiffs would be benefited by the construction and maintenance of the drain. (2) That the defendants, as such drainage board, are vested with sole jurisdiction in the ascertainment of the lands to be assessed and the apportionment of benefits in the construction of drains under and by virtue of chapter 21 of the Political Code of North Dakota. (3) That said drainage board is a municipal corporation and in the performance of the acts complained of in said complaint were performing a legislative act. The affidavit on which the preliminary writ of prohibition was issued recited all the proceedings taken by the board of drainage commissioners from their appointment up to the advertisement for bids for doing the work necessary to the construction of the drain that had been established by it. It further set forth that said drainage board had proceeded regularly in all its doings and that it had sole jurisdiction to determine whether said drain should be established and what benefits should be assessed to each tract of land within the district established and that the

district court had no jurisdiction to proceed with the trial of said action.

The questions presented and argued in this court are: (1) Did the district court have jurisdiction to enjoin further proceedings by the drainage board under the showing made? (2) Is the writ of prohibition a proper remedy under the facts of this case?

The defendant contends, under the first question raised, that the complaint stated grounds for interference by a court of equity. The grounds of such contention are that the drainage board acted fraudulently and arbitrarily in assessing benefits and that one member of the board was disqualified by personal interest in the establishment of the drain from acting on the board, and having acted, that all the proceedings were rendered null and void. It is further contended that the lands of the plaintiff in the injunctional action were so situated that no benefits whatever were conferred upon their lands. `The allegations as to fraud, hereinbefore set forth at length, are to the effect that the board had knowledge before assessing benefits to the lands that no benefits whatever would accrue to the lands. It is an elementary principle of pleading that facts must be pleaded before an issue of fraud can be raised. To base an allegation of fraud solely on the pleader's conclusions as to what knowledge the opposite party possessed as a basis for his actions is not such a statement as well sustain a cause of action for fraud. Nor can that cause of action be pleaded by the use of the word "fraudulently." No fact was pleaded showing fraudulent conduct of the board. At most the allegation of fraud is a conclusion drawn from another conclusion. Fraud was not pleaded nor shown by any fact developed at the hearing. The testimony at the hearing was conflicting. The plaintiffs each testified that their lands would not be benefited at all by the drain. The members of the board testified that they made at least two personal examinations of the land in the drainage district, and made inquiries of divers persons interested in the drain, and, from such examinations and the information received, stated that the plaintiff's lands would be benefited. The engineer employed to survey the route of the drain testified that the plaintiffs' lands would be benefited by the drain. The record therefore discloses nothing on which fraud can be predicated. The question for the board to decide was the necessity for the establishment of the drain, and the further one, what lands would be benefited thereby. On the review provid-

ed for by section 1451, Rev. Codes of 1899, the plaintiffs were present and protested and gave evidence that their lands would not be benefited. There was also evidence that the plaintiffs' lands would be benefited. On this conflicting evidence the board decided that plaintiffs' lands would be benefited. Is this finding reviewable by a court of equity in the absence of allegation and proof of fraud? That is the first question of law presented.

Section 1452, Rev. Codes 1899, provides that the board shall assess the amount "which any lot, piece or parcel of land shall be liable to pay by reason of benefits to accrue thereto, either directly or indirectly by reason of the construction of such drain, whether such lands are immediately drained thereby or can be drained only by construction of other and connecting drains, but such assessment shall be subject to review by the commissioners as hereinafter provided." Upon the review of the assessment, the statute provides that the same shall be corrected or confirmed. There is no provision for an appeal from the decision of such boards and no provision for any further review of their action by any court or body. The question of fraud having been eliminated it remains simply to determine whether the action of the board is final and beyond review by a court of equity when the only attack made upon it is that it was erroneous or against the weight of the evidence. This court has recently held that the findings of such boards are final in this state when attacked collaterally and no fraud is alleged. Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841. This case would control the present case if the attack by the injunction suit be a collateral one. The injunction aims to stop further proceedings by the board. It is a proceeding directed against the present acts of the board, and seeks to prevent the consideration of bids and the letting of contracts. The board has not finally acted on the whole matter of the construction of the drain, and while about to take final steps toward the construction of the drain, their proceedings are attacked. We deem this to be a direct attack. It is not analogous to an attempt to resist payment of the tax assessed, as was done in the Erickson case. It is a proceeding instituted to prohibit further proceedings and thereby annul all past proceedings. See Van Fleet on Collateral Attack, section 2; Morrill v. Morrill (Or.) 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 97; Bailey v. Bailey (S. C.) 19 S. E. 669, 728, 44 Am. St. Rep. 713; Burke v. Interstate Savings & Loan Ass'n

(Mont.) 64 Pac. 879, 87 Am. St. Rep. 416. There is no claim in this case that the commissioners did not have jurisdiction to establish the drain and do all things necessary for its construction. It is admitted that all their proceedings were regular so far as complying with all the statutory requirements is concerned.

The lack of jurisdiction is urged solely on the ground of an abuse of discretion or fraud in assessing benefits, and not on account of any irregularity in the proceedings. In this case, it is the claim that jurisdiction was exceeded after having been regularly acquired. We do not think the case is brought within the rule applicable to cases where there is an excess of jurisdiction. The statute imposes upon the board the duty to assess benefits. A review is provided for, and a hearing granted, where evidence may be produced. The board acts judicially in assessing benefits. The board is acting under a delegation of power from the legislature in respect to local affairs, but in the exercise of that power is exercising functions in their nature judicial. Stone v. Little Yellow Drainage District, 118 Wis. 388, 95 N. W. 405; Dodge County v. Acom et al. (Neb.) 100 N. W. 136; Erickson v. Cass County, supra. The statute not having provided for an appeal nor for a review by any other body, court or tribunal, its action is final, unless attacked for fraud. Cases may be supposed where the board acted so arbitrarily, and in defiance of the statute, that a court of equity might interfere, but the record discloses nothing of that sort. In this case the drainage district comprised about 12,000 acres, of which the objectors owned about 4,000. To determine whether the land will be benefited by a proposed drain is a very difficult and delicate question under some circumstances. It involves the question of the enhanced value of the land by reason of better drainage thereof, easier access thereto, and the health and comfort of the people residing in the district. The petition for the drain urged these as grounds for the establishment of the drain. The statute allows a wide latitude of discretion in the assessment of benefits and allows the lands to be assessed when the benefits are indirect even.

The objectors in this case claimed that their lands are all drained naturally. It is not necessary to consider whether these contentions are sustained or not. Their determination will not affect the question of the jurisdiction of the drainage board to determine them. These questions were rightfully before that board

for decision and its determination will not be disturbed on the sole ground that it was an erroneous decision. The statute not having given an appeal, and nothing having been shown to warrant interference by a court of equity, and the jurisdiction of the board being complete, the action of the board is final and beyond review in an equitable action or in any other manner. In Erickson v. Cass County, supra, this same drainage law as is involved in this case was construed and its constitutionality upheld as against the contention that it authorized the taking of property without due process of law. It was competent for the legislature to invest the drainage board with power in good faith and after notice and an opportunity to be heard to finally determine the benefits accruing to each tract of land in the drainage district, and, having done so, courts of equity will not interfere except upon some recognized principle of equitable jurisdiction not existing in this case. State v. Blake et al., 36 N. J. Law, 442; High on Injunction, section 1309; Lambert v. Mills, 58 Iowa, 666, 12 N. W. 715; Gauen v. Drainage District No. 1, 131 Ill. 446, 23 N. E. 633; Studabaker v. Studabaker, 152 Ind. 95, 51 N. E. 933; Horn v. Board, etc. (Mich.) 98 N. W. 256; Glide v. Superior Court (Cal. Sup.) 81 Pac. 223; Pittsburg, Cincinnati, Ohio & St. Louis Ry. Co. v. Backus, 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031; Reeves v. Grottendick, 131 Ind. 107, 30 N. E. 889; Klein y. Tuhey, 13 Ind. App. 74, 40 N. E. 144.

One of the drainage commissioners owned land within the drainage district that would be benefited by the drain. The owner, it is alleged, took an active interest in bringing about the establishment of the drain. This is claimed as a reason for invalidating the proceedings of the board entirely, under the principle that "no man can be a judge on his own case." No specific facts are shown that the commissioner did or said anything indicating that he prejudiced the case owing to the fact that his own land would be benefited. The existence of his interest and acting are alone claimed to be ground for nullifying all the proceedings. The board was acting under regular appointment pursuant to statutory authority. It had sole and exclusive authority to carry out the provisions of the drainage law. Although a majority might legally act, there is no provision by which a member, claimed to be disqualified, could be prevented from acting. If such a state of facts constitutes such interest in the result as will avoid the proceedings, the enforcement of the drainage law will necessarily be delayed or perhaps

entirely thwarted.  Similar questions have been before the courts resulting in different conclusions.  Those holding the acts of boards or persons void by reason of interest or bias give no effect to the fact that such boards are by the legislature constituted as such to perform the duties devolving upon them.  Such are State ex rel. Barnard v. Board of Education, 19 Wash. 8, 52 Pac. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706, and Stockwell v. White Lake, 22 Mich. 341.  We think that these and similar cases are in the minority and do not give effect to the better reasons.  As stated in State ex rel. Cook v. Houser, 122 Wis., on page 581, 100 N. W., on page 979: "The matter to be dealt with was a mere legislative privilege granted upon any condition the legislature saw fit to impose.  The tribunal was given unqualified authority in respect thereto, so long as it proceeded within its appropriate sphere. None of the rules disqualifying judges or jurors have any application to such a situation."

The principle urged upon us would nullify the proceedings of many governmental agencies or boards.  Boards of equalization, city councils, county commissioners, assessors, and other officers have a resulting pecuniary interest in many of their official acts.  It is often remote and indeterminate, as in the case at bar, and sometimes may be said to be a direct financial benefit.  Still, such boards being constituted by the statute to perform the duties in which they may have a pecuniary interest, it becomes a necessity that they act and that their acts be not nullified on account of their interest in the result.  Such boards or commissioners are not courts in the strict sense, hence the rules laid down by statute and existing under the common law are not applicable.  In the case at bar the proceedings are purely statutory.  The only qualification of a member of a drainage board is that he shall be a freeholder of the county and the acts of the board cannot be avoided because one of the members was interested in a general way in the establishment of the drain.  As bearing on the principle involved, see:  Case v. Hoffman, 100 Wis. 314, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945, 44 L. R. A. 728; In re Ryers, 72 N. Y. 1, 28 Am. Rep. 88; People v. Sherman (Sup.) 72 N. Y. Supp. 718; State ex rel. Starkweather v. Common Council, 90 Wis. 612, 64 N. W. 304; State ex rel. Cook v. Houser, supra.

It is claimed that the relator has a plain, speedy and adequate remedy in the ordinary course of law, and in consequence thereof

that the writ should not be issued. Section 86 of the state constitution provides that the Supreme Court shall have appellate jurisdiction only, and "shall have a general superintending control over all inferior courts under such regulations and limitations as shall be prescribed by law." Section 6123, Rev. Codes 1899, provides that: "The writ of prohibition is the counterpart of the writ of mandamus. It arrests the proceedings of any tribunal, corporations, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." Section 6124, Rev. Codes 1899, provides that: "It may be issued by the supreme and district courts to an inferior tribunal, or to a corporation, board or person in all cases, when there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit on the application of the person beneficially interested." It is patent from these sections that this writ is available only in cases where jurisdiction was never acquired, or, if acquired, has been exceeded.

The remedy by appeal would exist if the injunction be granted. The mere fact that an appeal would lie is not enough. It must be speedy and adequate. The granting of the writ to inferior courts is seldom a matter of absolute right as the remedy by appeal generally exists, and whether the appeal is speedy or adequate is a matter within the discretion of the appellate court, depending upon the particular facts of each case. The court cannot accurately determine when a trial in the case at bar would come on nor when the appeal would reach this court if an appeal were necessary. Inasmuch as the district court has exceeded its jurisdiction, a trial is unnecessary, and would be expensive and vexatious to each party; and that the result of a trial and appeal could not under the most favorable circumstances, be as speedy as a decision upon this original proceeding, we deem it a proper case for issuing a writ. The application for the writ is made to hasten a public improvement deemed to be of importance, at least to the petitioner and a large number of interested persons. There being a plain case of want of jurisdiction presented, and the appeal not being as speedy or adequate as this proceeding, we are satisfied that the petitioner is entitled to this summary and extraordinary remedy. We appreciate that this remedy should be cautiously granted. But, in view of the nature of the act that was enjoined, we have no doubt of the propriety and legality of assuming original jurisdiction.

Let the writ issue. All concur.