## E. O. ELLISON v. CITY OF LA MOURE, a Municipal Corporation, and Henry Hodem, as Treasure of La Moure County.

(151 N. W. 988.)

**Legislature — general powers — local improvements — assessed against property benefited — powers — delegation — municipalities.**

1. The legislature, in exercise of its general powers, may direct, subject to constitutional restrictions, that the cost of local improvements be assessed upon property benefited, and this power may be delegated to municipalities.

**Municipalities — delegation to — powers — legislature — property benefited — assessment — determination of — amount.**

2. The legislature may also confer upon such municipalities the power to levy the special assessments upon property benefited to pay the cost of such improvements, and may leave to municipal officers the determination of what property is benefited, and hence liable to assessment, and the amount of such benefits.

**Sewer — construction — police power — exercise of — legislative will.**

3. A sewer is constructed in the exercise of the police power for the health and cleanliness of the city, and the police power is exercised solely at the legislative will.

**Territorial district — to be taxed for local improvement — legislative discretion.**

4. The determination of a territorial district to be taxed for a local improvement is within the province of legislative discretion.

Legislature — powers — city council — sewers — sewer districts — necessity for.

5. In this state the legislature has conferred upon the city council the power to establish a system of sewerage, create sewer districts, and determine the necessity for the construction of sewers.

Special assessment commission — tribunal to determine benefits — sewer districts — city council — power to review.

6. The legislature has created the special assessment commission a tribunal to determine the benefits, if any, accruing to the various parcels of land within the sewer district, and reserved in the city council the power to review the action of the special assessment commission in the assessment of such benefits.

Assessment commission — appointment — statutory authority — acts — quasi judicial.

7. A special assessment commission appointed under statutory authority, and acting regularly in the discharge of its statutory duties, is exercising functions quasi judicial in character, when it assesses the benefits to lands in the sewer district.

Acts of special assessment commission — city council — power to review — quasi judicial.

8. A city council, in reviewing the action of the special assessment commission in assessing such benefits, is also exercising functions quasi judicial in their character.

Special assessment commission — city council — statutory requirements — compliance with — action final — fraud — equitable interference.

9. When the special assessment commission and city council have in all things proceeded in accordance with the statutory requirements, their action is final, after the assessment has been confirmed and approved by the city council, unless assailed for fraud or other ground for equitable interference.

Equitable action — time of bringing — when barred.

10. Such equitable action must be brought within six months after such assessment is approved by the city council, otherwise it is barred under the provisions of § 3715, Compiled Laws.

Opinion filed March 4, 1915. Rehearing denied March 27, 1915.

From a judgment of the District Court of La Moure County, *Coffey, J.* Plaintiff appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

The principle which underlies special assessments is that the value of the property is enhanced to an amount at least equal to the assess-

ment. This principle cannot be departed from without taking private property for public use. Hanscom v. Omaha, 11 Neb. 37, 7 N. W. 739; Gilmore v. Hentig, 33 Kan. 156, 5 Pac. 788.

A lot owner whose property is not benefited by a sewer cannot be compelled to aid in its construction where he seasonably objects, and it is apparent that the attempt to assess benefits arises out of fraud or demonstrable mistake of fact. State ex rel. McKune v. District Ct. 90 Minn. 540, 97 N. W. 425; Taylor v. Palmer, 31 Cal. 254; Denver v. Kennedy, 33 Colo. 80, 80 Pac. 122, 467; Re Market Street, 49 Cal. 546; Norwood v. Baker, 172 U. S. 269, 43 L. ed. 443, 19 Sup. Ct. Rep. 187; Tide-water Co. v. Coster, 18 N. J. Eq. 528, 90 Am. Dec. 634.

Where a sewer is constructed in part across private property, so that it is inaccessible to the owner of a lot assessed for benefits without commission of a trespass upon such property, such assessment must have been made through fraud or demonstrable mistake of fact, and cannot be sustained. Hanscom v. Omaha, supra; State ex rel McKune v. District Ct. 90 Minn. 540, 97 N. W. 425; Sperry v. Flygare, 80 Minn. 325, 49 L.R.A. 757, 81 Am. St. Rep. 261, 83 N. W. 177.

The findings of the special assessment commission, and of the city council, are not final and conclusive where there is fraud or clear mistake of facts. Auditor General v. O'Neill, 143 Mich. 343, 106 N. W. 895; French v. Barber Asphalt Paving Co. 181 U. S. 324, 45 L. ed. 879, 21 Sup. Ct. Rep. 625; 2 Dill. Mun. Corp. 4th ed. § 752; People ex rel. Griffin v. Brooklyn, 4 N. Y. 419, 55 Am. Dec. 266; Iowa Pipe & Tile Co. v. Callanan, 125 Iowa, 358, 67 L.R.A. 408, 106 Am. St. Rep. 311, 101 N. W. 141, 3 Ann. Cas. 7; Mobile County v. Kimball, 102 U. S. 691, 703, 704, 26 L. ed. 238, 241, 242; Illinois C. R. Co. v. Decatur, 147 U. S. 190, 202, 37 L. ed. 132, 136, 13 Sup. Ct. Rep. 293; Bauman v. Ross, 167 U. S. 548, 589, 42 L. ed. 270, 288, 17 Sup. Ct. Rep. 966; Williams v. Eggleston, 170 U. S. 304, 311, 42 L. ed. 1047, 1050, 18 Sup. Ct. Rep. 617; Norwood v. Baker, 172 U. S. 269, 43 L. ed. 443, 19 Sup. Ct. Rep. 187.

The collection of a void tax may be enjoined without the tender of any sum alleged to be due. Power v. Larabee, 2 N. D. 141, 49 N. W. 724.

The statute of limitation does not apply to a proceeding brought to

enjoin the collection of a void tax. Ibid.; McKone v. Fargo, 24 N. D. 53, 138 N. W. 967; 28 Cyc. 1188; McCoy v. Anderson, 47 Mich. 505, 11 N. W. 290; New Haven v. Fair Haven & W. R. Co. 38 Conn. 422, 9 Am. Rep. 399; Williams v. Saginaw, 51 Mich. 120, 16 N. W. 260; Steinmuller v. Kansas City, 3 Kan. App. 45, 44 Pac. 600; Brennan v. Buffalo, 8 Misc. 178, 29 N. Y. Supp. 750.

*W. J. Hughes,* for respondent.

Action to set aside or to restrain the collection of special assessments must be commenced within six months after such special assessment is approved. Rev. Codes 1905, § 2790, Comp. Laws 1913, § 3715.

The assessment must be wholly void, and not merely voidable, to relieve plaintiff from the bar of the statute. McKone v. Fargo, 24 N. D. 53, 138 N. W. 697.

Plaintiff must show no benefit whatever or he has no cause of action. Ibid.

A party loses no right by a statute which compels him to sue promptly in such a case or be regarded as having abandoned his claim. Terry v. Anderson, 95 U. S. 628, 24 L. ed. 365; Minneapolis & St. L. R. Co. v. Lindquist, 119 Iowa, 144, 93 N. W. 103.

Special benefits are not to be determined with reference merely to the particular use to which the owner is devoting his property. Robertson Lumber Co. v. Grand Forks, 27 N. D. 556, 147 N. W. 249.

There is no method provided for fixing benefits other than through the special assessment commission. This is a tribunal clothed with authority to pass upon the question of benefits, and where the statutory requirements are fully and fairly met, its decision is final. Ibid.; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 848.

CHRISTIANSON, J. This is an action to set aside a special assessment for the construction of a sewer in the city of La Moure, and to enjoin the defendants from enforcing the collection thereof. The defendants prevailed in the district court, and plaintiff appeals and asks for a trial *de novo.* The material facts are not in dispute. No attack is made upon the regularity of the proceedings of the special assessment commission or the city council, but, on the contrary, it is conceded that these proceedings were had in accordance with the provisions of the statutes relative thereto. The special assessment commission assessed

the amount of the benefit resulting to plaintiff's property at $920.52, and levied a special assessment against such property in the sum of $751.52. It is admitted that the plaintiff appeared before the special assessment commission at a meeting held under the provision of § 3726, Compiled Laws, and objected to the assessment; that such objections were overruled by the commission, and that thereafter, on or about March 18, 1911, the commission returned to and filed the assessment list in the office of the city auditor of said city of La Moure. The plaintiff appealed from the action of the commission, and thereafter, at a hearing before the city council held on April 26, 1911, under the provisions of § 3728 of the Compiled Laws, the plaintiff appeared and presented his protest against the assessment, but the city council, after such hearing, approved and confirmed the findings of the special assessment commission, including the assessment against plaintiff's property. Plaintiff took no further proceedings in the matter until he commenced this action on March 13, 1912,—almost eleven months after the assessment had been so confirmed and approved by the city council. There are no allegations in complaint that the special assessment commission or the city council were in any manner guilty of fraud, and plaintiff's counsel expressly admits that no such contention is made, but asserts that the assessment was so grossly excessive as to be fraudulent as a matter of law.

The property involved consists of a 40-acre tract of land situated within the city limits of the city of La Moure. It appears that a large portion, if not the whole, of this tract, was at one time platted, but the plat was subsequently vacated. This tract lies directly south of Fourth street in the city of La Moure. The sewer in question is laid in Fourth street along the entire north side of the property involved herein. Directly across the street from the tract involved are various lots and blocks, some improved and some unimproved. It is not contended that the amount assessed against plaintiff's property is greater or disproportionate to that assessed against the property abutting on the sewer on the other side of the street. The only buildings on the tract involved are the buildings of the plaintiff. It is conceded by counsel for the respective parties that at some prior date a special assessment was levied against the plaintiff's property for a very much greater sum than the one involved in this action, and that upon a hearing before the city council, it sustained plaintiff's protest and refused to approve the assessment as

then made by the special assessment commission, and at the request of the plaintiff and his counsel the entire assessment was referred back to the special assessment commission, and that the assessment involved herein was then subsequently made.

Plaintiff called as one of his witnesses a member of the special assessment commission, who testified that before the assessment in question was levied the commission carefully examined the various tracts of land and assessed the benefits accruing to each tract from the construction of the sewer.

It is well established that the legislature, in exercise of its general powers, may direct, subject of course to Constitutional restrictions, that the cost of local improvements be assessed upon property benefited, and may delegate this power to municipalities. It may also confer upon such municipalities the power to levy special assessments upon property benefited to pay the cost of such improvement, and may leave to the municipal officers the determination of what property is benefited, and hence liable to assessment. 28 Cyc. 1102 and 1103. The law may provide for hearing before the body which levies the assessment, and after such hearing may make the decision of that body conclusive. Although in imposing such assessments the municipal authorities may be acting somewhat in a judicial character, yet, the foundation of the right to assess exists in the taxing power, and it is not necessary that in imposing an assessment there must be a hearing before a court provided by the law in order to give validity to such assessment. Hibben v. Smith, 191 U. S. 310, 321, 48 L. ed. 195, 199, 24 Sup. Ct. Rep. 88. See also Chadwick v. Kelly, 187 U. S. 540, 47 L. ed. 293, 23 Sup. Ct. Rep. 175.

Section 3697 of the Compiled Laws authorizes the city council to establish a system of sewerage, and § 3698 grants the power to create sewer districts. In this case it is conceded that such system of sewerage was established and such sewer district created. It is also conceded that the property involved herein is all situated within the sewer district so created by the city council.

There is no claim in this case that the city authorities did not have jurisdiction to establish the sewer and do all things necessary for its construction. In Paulsen v. Portland, 149 U. S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750, it is said: "A sewer is constructed in the exercise of the police power for the health and cleanliness of the city, and the

police power is exercised solely at the legislative will. So, also, the determination of a territorial district to be taxed for a local improvement is within the province of legislative discretion. Willard v. Presbury, 14 Wall. 676, 20 L. ed. 719; Spencer v. Merchant, 125 U. S. 345, 355, 31 L. ed. 763, 767, 8 Sup. Ct. Rep. 921."

The only question sought to be raised in this action is that the property was not benefited or that the assessment is excessive. The attack is made solely upon the correctness of the judgment exercised by the commission in making the assessment, and the council in approving the same, and not on account of any irregularity in the proceedings.

The law relative to the construction of drains, while not identical in its provisions, is analogous in principle, and in considering this question in the case of drains, this court in the case of Alstad v. Sim, 15 N. D. 629, 638, 109 N. W. 66, said: "It is claimed that assessments were made against land not benefited by the drain. The action of the commissioners is not subject to review on the question as to what lands are benefited. On that question the action of the board is conclusive, except when acting fraudulently. Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191." See also Paulsen v. Portland, 149 U. S. 30, 41, 37 L. ed. 637, 641, 13 Sup. Ct. Rep. 750; Fallbrook Irri. Dist. v. Bradley, 164 U. S. 112, 174, 41 L. ed. 369, 394, 17 Sup. Ct. Rep. 56; Spencer v. Merchant, 125 U. S. 345, 31 L. ed. 763, 8 Sup. Ct. Rep. 921; French v. Barber Asphalt Paving Co. 181 U. S. 324, 338, 45 L. ed. 879, 887, 21 Sup. Ct. Rep. 625. "The amount of benefits resulting from the improvement is a question of fact, and a hearing upon it being assumed, the decision of the board is final." Hibben v. Smith, supra.

The legislature in this state vested the city council with power to determine the necessity of the improvements. Section 3704, Compiled Laws. And also vested in the special assessment commission the power to determine the amount of the benefits to various properties and the assessments to be levied. Comp. Laws, § 3726. And granted to the various parties the right of appeal from the action of the commission to the city council. Comp. Laws, § 3727. And granted to the city council the right to review the findings and correct mistakes or errors of judgment, if any, of the commission in levying and apportioning the assessment. Comp. Laws, § 3728. See also Robertson Lumber Co. v.

Grand Forks, 27 N. D. 556, 568, 47 N. W. 249. The special assessment commission is, in the first instance, vested with the power and authority to fix and determine, not only the benefits, but the amount of the assessment each property should be required to pay; and the power is reserved to the city council to review and correct the errors of judgment of the commission.

The special assessment commission is expressly created a tribunal to assess the benefits resulting to the different tracts of land. And the amount of such benefit, if any, is a question of fact to be determined by such commission, subject to review by the city council in the manner provided by the statute. These boards, in assessing such benefits, are acting under a delegation of power from the legislature in respect to local affairs, but in the exercise of that power they are exercising functions judicial in their nature. The statute provides for no appeal from the action of the city council upon such assessment, nor for a review by any other body, court or tribunal.

And where the special assessment commission and the city council have in all things proceeded in accordance with the statutory requirements, their action and decision as to what property is benefited, and the amount of benefits resulting to the different tracts from the construction of the improvements, are final, and cannot be assailed in a court, except for fraud or other grounds justifying equitable interference. State ex rel. Dorgan v. Fisk, 15 N. D. 219, 226, 107 N. W. 191; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Rogers v. St. Paul, 22 Minn. 494; Carpenter v. St. Paul, 23 Minn. 232; State ex rel. Cunningham v. Board of Public Works, 27 Minn. 442, 8 N. W. 161; State ex rel. Cunningham v. District Ct. 29 Minn. 65, 11 N. W. 133.

Of course, in cases wherein the city authorities fail to comply with the statute in their proceedings, or concededly made an arbitrary assessment without regard to the benefits derived, the action of the city authorities is subject to review by the courts. Robertson Lumber Co. v. Grand Forks, 27 N. D. 556, 147 N. W. 249; McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808.

In this state it is expressly provided that any action or proceeding to prevent or restrain the collection of any special assessment, or any part thereof, must be commenced within six months after the special assessment is approved. Comp. Laws, § 3175. This is a valid statutory

enactment.   McKone v. Fargo, 24 N. D. 53, 138 N. W. 967.   If any ground for equitable inference existed, plaintiff was required to institute his action within six months after the assessment was approved, otherwise the action is barred.   In this case plaintiff invoked the jurisdiction of both the commission and the city council, and had actual notice of the time when the assessment was approved, and having failed to bring his action within the time provided by law, he cannot now be permitted to attack the assessment.   We are satisfied that if plaintiff ever had any standing in a court, that his right of action became barred at the expiration of six months after the assessment was approved.   The judgment of the trial court was correct, and is affirmed.

## On Petition for Rehearing.

Appellant has filed a petition for rehearing wherein he apparently seeks to raise a Federal question.   The petition, however, is not definite as to the nature of the Federal question raised, but suggests that appellant has been denied some right guaranteed to him by the 14th Amendment to the Constitution of the United States.   There is no intimation as to whether it is contended that the plaintiff has been deprived of any privilege or immunity to which he is entitled as a citizen of the United States, or whether it is claimed that he has been deprived of property without due process of law, or been denied the equal protection of the laws of this state.

It has never been contended on this appeal, nor is it asserted in the petition for rehearing, that any of the statutes under which the proceedings were had are unconstitutional.   On the contrary, their constitutionality is assumed.   It is also conceded that the assessments in question were regularly levied by the officials of the defendant city after such proceedings had been had, as are required by the laws of this state.   The appellant submitted his cause to the jurisdiction of the local tribunals,—the tribunals created by law for the purpose of determining the benefits to his property; and appellant, with full notice of all the proceedings so had, failed to institute his action within the six-month period provided by law for attacking a special assessment.

The Federal question now sought to be presented was not alleged in the complaint as one of the grounds for avoiding the assessment, nor

was it presented on the appeal to this court. The issues presented to the trial court and to this court were in effect that the city officers had failed to properly discharge their duties, as prescribed by the laws of this state. The question presented involved only the construction and application of the laws of this state. And now two years after the entry of the judgment in the court below, this Federal question is presented for the first time by the petition for rehearing. It seems obvious that this question should not be considered at this time. It comes too late when presented for the first time on a petition for rehearing. No court has ruled more emphatically on this proposition than the Supreme Court of the United States. Cockran Oil & Development Co. v. Arnaudet, 199 U. S. 182, 50 L. ed. 143, 26 Sup. Ct. Rep. 41; Fullerton v. Texas, 196 U. S. 192, 49 L. ed. 443, 25 Sup. Ct. Rep. 221. See also Brown v. Massachusetts, 144 U. S. 573, 36 L. ed. 546, 12 Sup. Ct. Rep. 757; Boll v. Nebraska, 176 U. S. 83, 91, 44 L. ed. 382, 385, 20 Sup. Ct. Rep. 287; Simmerman v. Nebraska, 116 U. S. 54, 29 L. ed. 535, 6 Sup. Ct. Rep. 333. It is therefore unnecessary for this court to consider such question at this time.

The petition for a rehearing is denied.