## BERGEN TOWNSHIP et al. v. NELSON COUNTY et al.

(156 N. W. 559.)

**Amended complaint — trial court — order of striking out — appealable.**

1. Following Stimson v. Stimson, 30 N. D. 78, it is *held* that an order striking an amended complaint from the files is appealable.

**Drain commissioners — board of — functions and powers — drains — public good — benefits — cost.**

2. The board of drain commissioners is the tribunal created by the legislature to determine, upon petition and pursuant to notice, whether the public good requires a proposed drain to be constructed, and whether the cost of construction will exceed the amount of benefits to be derived therefrom; and also to determine what lands are benefited by the construction of the drain, and to apportion the cost thereof according to benefits.

**Board of drain commissioners — procedure — statutory requirements — determination of — court not to inquire into — fraud — equitable interference.**

3. When the board of drain commissioners have, in all things, proceeded in accordance with the statutory requirements, their action is final, and the courts will not inquire into the correctness of their determination upon questions within their jurisdiction, unless such determination is assailed for fraud, or other ground for equitable interference.

**Equity — court or tribunal — judgment or determination of — relief — complaint — sufficiency of — fraud — specific facts constituting.**

4. Where a party seeks the aid of equity in relieving against a judgment or determination of a court or tribunal on the ground of fraud, it is not sufficient

to incorporate in the complaint a general allegation of fraud, but the specific facts constituting the alleged fraud must be set forth.

**Amended complaint — two causes of action — new cause — original cause — departure from — striking out — order of court.**

5. An amended complaint setting forth two causes of action, the first cause of action being new, and a departure from the original cause of action, and the second cause of action being substantially a repetition of the former complaint, which had been held bad on demurrer, is properly stricken out.

Opinion filed December 28, 1915. Rehearing denied January 15, 1916.

Appeal from an order of the District Court of Nelson County, *Cooley*, J. Plaintiffs appeal.

Affirmed.

*Robinson & Lemke*, for appellants.

The rule is that when an unauthorized amendment is stricken out, the parties are left in their former position. Bryant, Code Pl. § 231; Frank v. Bush, 63 How. Pr. 282.

A motion for an order must state the relief sought, and the order must be limited to the relief specified. The motion here was made too late, in any event. Barker v. Cook, 40 Barb. 254; Bowman v. Sheldon, 5 Sandf. 657; District Ct. Rule No. 34; Bryant, Code Pl. § 231; Hollister v. Livingston, 9 How. Pr. 140; Follower v. Laughlin, 12 Abb. Pr. 105.

The party on whom service of a paper is made is deemed to have waived all objections, unless same is returned as the rule provides. District Ct. Rule, 34; Lewis v. Graham, 16 Abb. Pr. 126; Perkins v. Mead, 22 How. Pr. 476.

An amendment to a complaint which states the same cause of action as in the original pleading disclosed, and then introduces a new or different cause of action, is not objectionable. This is especially true where each substantially charges the same cause or related to the same subject-matter. Finlayson v. Peterson, 11 N. D. 46, 89 N. W. 855; Kerr v. Grand Forks, 15 N. D. 294, 107 N. W. 197.

"Or the amendment may add a new cause of action or substitute another cause of action belonging to a different class." 1 Abbott, Pl. 9; Brown v. Leigh, 49 N. Y. 78; Deyo v. Morss, 144 N. Y. 216, 39 N. E.

81; McKeighan v. Hopkins, 19 Neb. 33, 26 N. W. 615; Esch v. Home Ins. Co. 78 Iowa, 334, 16 Am. St. Rep. 443, 43 N. W. 229.

Or a cause of action which could have been united with the original cause may be added by amendment. Freeman v. Webb, 21 Neb. 160, 31 N. W. 656; Omaha & R. Valley R. Co. v. Moschel, 38 Neb. 281, 56 N. W. 875; Homan v. Hellman, 35 Neb. 414, 53 N. W. 369.

The test is, Does the amendment present a new and different subject of controversy? Gensler v. Nicholas, 151 Mich. 529, 115 N. W. 458, 14 Ann. Cas. 452; Myers v. Moore, 78 Neb. 448, 110 N. W. 989; Gates v. Paul, 117 Wis. 170, 94 N. W. 58.

*Frich & Kelly,* for respondents.

CHRISTIANSON, J. This action involves a drainage project in Nelson county. The specific relief demanded in the complaint is that the special assessments levied for the construction of such drain be canceled and annulled, and all proceedings in regard thereto adjudged null and void, and the defendants enjoined from further attempting to construct such drain or levy any special assessment therefor. The action was commenced on February 19, 1915. The original complaint was superseded by an amended complaint. The defendants demurred to such amended complaint on various grounds. On May 4, 1915, the district court entered an order sustaining the demurrer with leave to the plaintiffs to serve an amended complaint within twenty days. An amended complaint was subsequently served in accordance with the leave so granted. The amended complaint so served set forth two causes of action. The first cause of action merely alleged that plaintiffs have an estate and interest in certain lands, and that defendants claim certain estates in or liens upon such lands, adverse to plaintiffs, and that such adverse claims are based upon pretended drainage warrants and special assessments. The second cause of action reavers the allegations contained in the first cause of action, and also alleges the commencement and partial construction of the drain and the levy of special assessments against the lands of the plaintiffs. The second cause of action was in effect a reaverment of the matters set forth in the complaint to which the demurrer had been sustained. Defendants' counsel moved to strike such complaint from the files. The motion is not before us, and is not contained in the record submitted to this court. After hearing, the trial

court entered an order directing that the amended complaint be stricken from the files and the action dismissed without prejudice.

Respondents' counsel has moved to dismiss the appeal on the ground that the order is not appealable. It is true, an order dismissing an action is not appealable. Larson v. Walker, 17 N. D. 247, 115 N. W. 838. But an order striking a complaint is appealable. Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132. If a complaint is stricken from the files without leave to serve an amended complaint, it in effect amounts to a dismissal or termination of the action. This, however, does not render the order striking the complaint from the files nonappealable. See C. J. § 316, p. 489. The order appealed from in this case purports to be, and is, an order striking the complaint from the files, and hence is an appealable order. See Stimson v. Stimson, supra. The motion to dismiss the appeal is therefore denied.

This brings us to a consideration of the merits of the order appealed from. There is no claim that the proceedings before the drain commissioners were invalid for failure to comply with all the statutory requirements. The action is predicated upon the theory that the drain "is of no possible benefit to the plaintiffs and adds nothing to the value of the land; that the proposed drain is needless, and that the cost of construction greatly exceeds the estimated cost before the construction was commenced." The complaint states that part of the ditch has been constructed (but the contractors performing the work are not made parties defendant), and charges that the defendants "fraudulently" entered on the lands and constructed the ditch, and "fraudulently" levied assessments; and "fraudulently" caused notice offering drainage bonds for sale to be published. No acts constituting actual fraud are alleged, and on oral argument, appellants' counsel disclaimed any intention to charge actual fraud, but contended that the acts of the drain commissioners in (1) constructing the drain at an expense exceeding the estimated cost, and (2) assessing drainage assessments against plaintiffs' lands in excess of the benefit received from the construction of the drain, —constitutes fraud as a matter of law.

The board of drain commissioners is the tribunal created by the laws of this state to determine, upon petition and pursuant to notice, whether the public good requires a proposed drain to be constructed. (Comp. Laws 1913, § 2464); and also whether the construction of the proposed

drain will cost more than the amount of benefits to be derived therefrom. (Comp. Laws 1913, § 2465). The board of drain commissioners is, also, expressly created a tribunal to determine what lands are benefited by the construction of drains, and to apportion the cost thereof according to benefits. (Comp. Laws 1913, §§ 2468, 2470, 2474, 2476 et seq.) The power of the legislature to confer this authority upon the drain commissioners has been upheld both by this court and the Supreme Court of the United States. Soliah v. Carmack, 17 N. D. 393, 117 N. W. 125, 222 U. S. 522, 56 L. ed. 294, 32 Sup. Ct. Rep. 103. Where a party seeks the aid of equity in relieving against a judgment or determination of a court or tribunal on the ground of fraud, it is not sufficient to incorporate in the bill or complaint a general allegation of fraud, deceit, or misconduct, but the specific facts constituting the alleged fraud must be set forth particularly. See, 16 Cyc. 231; 23 Cyc. 1041; 22 Cyc. 929; 37 Cyc. 1275. The facts on which appellants base their claim for equitable relief would not establish fraud, but would merely establish errors of judgment on the part of the drain commissioners. Errors of judgment do not constitute fraud, nor do they constitute grounds for equitable relief.

In Erickson v. Cass County, 11 N. D. 494, 507, 92 N. W. 841, this court said: "If the facts are as appellants claim they merely establish errors of judgment in the tribunal clothed with authority to pass upon the question of benefits. The legislature had the undoubted power to commit to the drainage board the ascertainment of the lands to be assessed, as well as the apportionment of benefits; and it is well settled that the decisions of such boards on questions within their jurisdiction are not open to collateral attack and, 'if not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment.'"

And in State ex rel. Dorgan v. Fisk, 15 N. D. 219, 226, 107 N. W. 191, this court also said: "The lack of jurisdiction is urged solely on the ground of an abuse of discretion or fraud in assessing benefits, and not on account of any irregularity in the proceedings. In this case, it is the claim that jurisdiction was exceeded after having been regularly acquired. We do not think the case is brought within the rule applicable to cases where there is an excess of jurisdiction. The statute imposes upon the board the duty to assess benefits. A review is provided for and

a hearing granted, where evidence may be produced. The board acts judicially in assessing benefits. The board is acting under a delegation of power from the legislature in respect to local affairs, but in the exercise of that power is exercising functions in their nature judicial. Stone v. Little Yellow Drainage Dist. 118 Wis. 388, 95 N. W. 405; Dodge County v. Acom, 72 Neb. 71, 100 N. W. 136; Erickson v. Cass County, supra. The statute not having provided for an appeal nor for a review by any other body, court or tribunal, its action is final, unless attacked for fraud. . . .

"The objectors in this case claimed that their lands are all drained naturally. It is not necessary to consider whether these contentions are sustained or not. Their determination will not affect the question of the jurisdiction of the drainage board to determine them. These questions were rightfully before that board for decision, and its determination will not be disturbed on the sole ground that it was an erroneous decision. The statute not having given an appeal, and nothing having been shown to warrant interference by a court of equity, and the jurisdiction of the board being complete, the action of the board is final and beyond review in an equitable action or in any other manner." See, also, Turnquist v. Cass County Drain Comrs. 11 N. D. 514, 92 N. W. 852; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Hackney v. Elliott, 23 N. D. 373, 137 N. W. 433; Ellison v. La Moure, 30 N. D. 43, 151 N. W. 988.

Appellants' counsel virtually concedes that the complaint was insufficient under the former decisions of this court. But he argues earnestly that the present drainage law as construed in those decisions is productive of hardship and oppression, and that therefore such construction should no longer prevail. We are unable to agree with appellants' counsel. The courts are not concerned with the wisdom of legislative enactments. That is purely a matter for the lawmaking body. The duty (and power) of the courts is to interpret laws,—not to make them. If the present drainage laws are unjust or unwise they must be changed through legislative enactment.

In November, 1902, this court in the case of Erickson v. Cass County, 11 N. D. 494, 507, 92 N. W. 841, held that the legislature had the constitutional power to confer upon the drain commissioners the authority to determine such questions; and that the determination of the drain

commissioners upon questions within their jurisdiction (in absence of allegations and proof that they acted fraudulently) is conclusive, and that the courts will not inquire into or review the correctness of their determination on such questions. That has been the law of this state ever since. And the people, speaking through their lawmaking body (the legislature), have not seen fit to restrict the powers or curtail the authority of the drain commissioners. If this court should adopt the construction contended for by appellants' counsel, it would hardly be performing its constitutional function, but would by judicial fiat radically amend the present drainage laws of this state as adopted by the legislature and construed by the courts for the past thirteen years. This we decline to do. The legislature has designated the board of drain commissioners as the proper tribunal to determine the questions which appellants' counsel asks the courts to determine. The trial court properly sustained the demurrer to the first complaint.

The complaint stricken from the files purported to set forth two causes of action. That part of the complaint designated the first cause of action, construed by itself, is obviously an attempt to state a statutory cause of action to determine adverse claims. If so construed, it is a departure from the complaint to which the demurrer was sustained, and states a new cause of action wholly variant from the former complaint. This being so, the first cause of action was properly stricken.

The second cause of action was substantially a repetition of the complaint which had been held bad on demurrer. No new grounds or facts justifying equitable relief were set forth. The second cause of action was therefore also properly stricken. If the complaint be construed as a whole, it is merely a reaverment of the allegations contained in the complaint to which a demurrer had been properly sustained. In any event the trial court was justified in ordering the complaint stricken. 31 Cyc. 617, 618. See also 3 Cyc. 452 et seq.

The order appealed from is affirmed.