BISMARCK HOME BUILDERS' COMPANY, a Corporation, Appellant, v. THE CITY OF BISMARCK, a Municipal Corporation, et al., Respondent.

(198 N. W. 553.)

**Municipal corporations — special assessment of benefits for storm sewer may not be reviewed by court.**

. In an action to set aside a special assessment made in 1917 for a storm sewer, it is *held* .—

In the absence of some ground for equitable relief or of some defect in the proceedings rendering the special assessment invalid, the court may not review the assessment of benefits made by the special assessment commission and confirmed by the city commission.

Opinion filed April 21, 1924.

Note.—Power of court to review assessment of benefits, see 25 R. C. L. 140; 3 R. C. L. Supp. 1406.

Municipal Corporations, 28 Cyc. pp. 1178 n. 49, 50; 1186 n. 29 New.

Appeal from the District Court of Burleigh County, *Nuessle, J.*
Affirmed.
*Edward S. Allen,* for appellant.
*C. L. Young,* City Attorney, for respondent.

BIRDZELL, J.    This is an appeal from a judgment for the defendant in an action brought to set aside certain special assessments. The specification is for a trial de novo. The plaintiff is the owner of a large number of lots in Flannery and Weatherby's Addition to the city of Bismarck. In 1916 the city commission caused to be constructed a storm sewer for the purpose of carrying surface waters. The sewer was constructed in certain streets in the lower section of the city and principally in the business district. In October, 1917, the special assessment commission assessed the costs and expenses of constructing the sewer upon the land lying in sewer improvement districts Nos. 1, 2, 3 and 4 after an inspection and assessment of benefits, which assessment was later approved by the city commission. By this assessment each of the plaintiff's lots is assessed $13.97. The sewer is not adjacent to the plaintiff's property, but is about a thousand feet distant from the closest point. The plaintiff's property is free from depressions in which storm waters might accumulate and ranges from twenty to eighty feet higher that the streets in which the sewer is located. This action was begun just before the expiration of the six months' period of limitations for the bringing of such actions (Comp. Laws 1913, § 3715) and was not tried until approximately four years thereafter. The grounds upon which relief is sought, according to the amended complaint, are that the assessment is invalid for the reason that the sewer was constructed within several sewer districts and the property in each was assessed for construction work carried on in another; that the cost was not properly apportioned among the various sewer districts; that the constructed sewers covered different drainage areas lying in different water sheds, while the assessment prorated the entire cost rather than the cost of that portion of the sewers lying in the particular water shed in which the plaintiff's property was situated; that the plainitff's

property is not benefited at all by the improvement; that other property situated with respect to the sewer as favorably as plaintiff's property was omitted from the assessment; that the cost was prorated among the various lots arbitrarily according to front footage and without regard to special benefits; that the distribution reflected in the assessment is unfair, unjust and unequal as between plaintiff's property and other property. There are other allegations but no evidence was offered in support of them.

The evidence offered at the trial was concerned wholly with the question of benefits and with the proper prorating of the cost as between plaintiff's property and other properties. In this connection it was established that the assessment of property within a particular district was not governed by the construction actually done in that district, but that it reflected rather a consideration of the entire improvement as a unit. From this it is urged that the assessment of benefits is necessarily erroneous; not that some benefit might not legally have been assessed. There is no allegation or proof of fraud or bad faith in the making of the assessment. Neither is it attacked upon any ground that goes to the validity of the entire assessment. Upon the oral argument in this court it was, in substance, asserted that the court should review and correct the assessment as to the plaintiff's property on the ground that it is inequitably burdened by being compelled to pay a larger share of the cost of the improvement in proportion to real benefits derived than other properties more favorably situated from the standpoint of benefits. Yet, counsel also stated that the bringing of the action was intentionally delayed so that others affected by the assessment would not take steps to disturb the assessment as a whole. (This has no bearing except upon the equity of the plaintiff's position.) The record made in the court below and the briefs on appeal indicate, unmistakably, the desire of the plaintiff to be relieved of the assessment on the sole ground of the inequitable assessment of benefits and cost. It has been repeatedly held by this court that the owners of property affected by a special assessment are precluded on the question of benefits by the action of the special assessment commission as reviewed by the city council or commission, and that there is no relief from their determination unless there exists some one of the usual grounds for equitable interference, such as fraud or mistake, or some defect in

the proceedings rendering the special assessment invalid.  Equity does not grant relief to correct the errors of judgment of the body created by the legislature to determine the question of benefits.  State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Edwards v. Cass County, 23 N. D. 555, 137 N. W. 580; Ellison v. La Moure, 30 N. D. 43, 151 N. W. 988; Bergen Twp. v. Nelson County, 33 N. D. 247, 156 N. W. 559; Northern P. R. Co. v. Sargent County, 43 N. D. 156, 174 N. W. 811.  See also Hamilton. Special Assessments, § 515.  Since the appellant has failed to establish any ground for equitable relief from the assessment, no other judgment than that which was rendered by the district court would be warranted under the numerous decisions and adjudications of this court.  It follows that the judgment appealed from must be affirmed.

BRONSON, Ch. J. and CHRISTIANSON and JOHNSON, JJ., and PUGH, Dist. J., concur.

Mr. Justice NUESSLE, being disqualified, did not participate; Honorable THOS. H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.